UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| RAMON FRANCIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-397-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NASA HEADQUARTERS, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ramon Francis filed a *pro se* Complaint. [R. 1]. He also filed an Application to Proceed Without Prepayment of Fees, [R. 3], that the Court concludes makes the financial showing required by 28 U.S.C. § 1915(a). **IT IS THEREFORE ORDERED** that the Application **[R. 3]** is **GRANTED**. Because Plaintiff is proceeding without prepayment of fees, or *in forma pauperis*, this Court must perform an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff filed this action on a Complaint form, naming NASA Headquarters as Defendant. [R. 1]. He asserts diversity-of-citizenship jurisdiction with an amount in controversy as follows: "$300 Million USD \*\*\* Antitrust differential about business identity tort and identity theft by unlawful prostitution influence to Federal grand theft deficit by disclosure, irrecoverable psychosis influenced Earth photonic microwave satellite communication, Antitrusr fraudulent psychosis by business/realty addressing the Federal ID transactions." *Id.* at 5–6.

In the Statement of Claim section of the Complaint form, Plaintiff alleges as follows:

*** Automation of aide to Automation; terroristic mass unkept makes, conduct satellite mischief, [ Incorruption ] is not delayed/enforced of some unenforced safety the location is trying to radioshow its [atomic weight crimes ], by Privacy Act of 1974 enforced the direction becomes leered, leud, 'and', since lasvascious synonym to endangering to the hired who this remains the identification of the account member the state or birth certificate users.

While dividing of focal atomic weight, damage known about present distorts, damage to Achilles with callous formed, frame by communication to impersonable fraud as Plaintiff of Defendant, about unknown psychosis conduct of Defendant alleges Defendant aide to violating psychosis unknowledge unacceptable of unlawful alleged aide to Federal identity/ identity fraud as homeopath manslughter

Subatomic satellite mischief uses the atomic weight of molecular tension to cause battery/ callous to an area of the body transformed by satellite to personal injury/manslaughter interruptive of an active attention against personal injury aware of personal injury of anatomy.

*Id.* at 5–6.

In the Relief section of the Complaint form, Plaintiff states the following:

Insignature/negligence IT to by Motion to complete by signature of federal magistration/Deputy Clerk as needed Ensubjection under control, about legal forms, work attachment liable of voices, musculoneuropathetic inclinations/declinations memory train violation/ atomic weight attachment; Search and Seizure warrant, by Federal dollar about microphone matching birth certificate, Social Security Number, State ID, Federal ID aide fraudulence community communication and satellite battery/terroristic influence patterns/frame, assault by atomic tension weight, dehuman contraband neurologic fraudulent framing communication, contraband aide status by aide enabling contract defiance, by trespass to Federal identity fraudulent theft aide, by unlawful unsupervision to be supervised by incarceration/ home incarceration aide to communication confusion identity holds unknown identifying identity fraud patterns of thinking, and debt/intent to manslaughter by diet relation/conduct by damage/intent to to Plaintiff and/with property, payable to by signature negotiable instrument KRS 355.3-110, Order against negligence of insignature, by Federal prosecution and supervised home incarceration of offenders fraudulent as Plaintiff, by status of numbered Social Security criminal record evidence of exploit, identified of Defendant, as Plaintiff reinterpreted ' on the run '. ' out of control ', unknown psychosis/Plaintiff of psychosis voices and the enabling aide of Defendant alleges necessary all legal forms of relief signed by Federal Magistration payable to KRS 355.3-110 by signature permission to sign legal forms against aide to continual charge to charge Defendant by insignature My thought is an anthropologic entrapment being

>plagarised by acknowledgement from 2011-2022, satellite operation molecular tensions anticritical, antiproductive, uncontradictory inability to think differently.

*Id.* at 6–7.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist." *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). "Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), "a judge does not have to accept 'fantastic or delusional' factual allegations as true in [] complaints that are reviewed for frivolousness." *Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 327–28).

Here, Plaintiff's Complaint is comprised of exactly the type of "fantastic" and "delusional" factual allegations that warrant dismissal for frivolousness. *See, e.g.*, *Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015) ("Although these matters are real to Plaintiff, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis."), *report and recommendation adopted*, No. 2:15-CV-143, 2015 WL 8212681 (S.D. Tex. Dec. 7, 2015); *see also Abascal v. Jarkos*, 357 F. App'x 388, 390 (2d Cir. 2009) ("On its face, [plaintiff]'s contention that defendants used high-tech equipment to control his thoughts and behavior and remotely to inflict pain can be considered nothing other than fantastic or delusional."); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (holding that claims that are "essentially fictitious" include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention.").

Consequently, the Court will dismiss this action by separate Order.

This the 17th day of October, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:   Plaintiff, *pro se*
A958.005